E-FILED
Monday, 20 April, 2026  10:34:09 AM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| MICHAEL C. HAYNES,<br>        Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY,<br>        Defendant. | Case No. 1:23-cv-01373 |

**Order**

The Court has reviewed the Plaintiff's Motion for an Award of Attorney's Fees Under 28 U.S.C. § 406(b), (D. 25) to which the Defendant does not object.[1]

On July 16, 2024, the Court remanded this case back to the Social Security Administration for further proceedings. Subsequently, on October 21, 2024, the Court entered an Order awarding the Plaintiff attorneys fees, in the amount of $6,349.78, under the Equal Access to Justice Act ("EAJA"). Following remand, the Plaintiff was awarded $116,960.00 in past-due benefits after an ALJ issued a favorable decision.

42 U.S.C. § 406(b)(1) provides that if an attorney successfully represents a claimant in federal court:

> the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney

---

[1] The Defendant has not filed a response to the Motion, and has not sought leave to file an untimely response. The Motion will therefore be treated as unopposed.

out of, and not in addition to, the amount of such past-due benefits . . . .

The Supreme Court has clarified that the "25% cap applies only to fees for representation before the court, not the agency" under § 406(a). *Culbertson v. Berryhill*, 139 S. Ct. 517, 522 (2019). "[S]o an attorney may ultimately be awarded more than 25% of past-due benefits under §§ 406(a) and (b)(1) combined." *O'Donnell v. Saul*, 983 F.3d 950, 952 (7th Cir. 2020). Section 406(b)(2) makes it a misdemeanor for an attorney to charge or otherwise collect a fee for court representation in excess of the amount permitted under § 406(b)(1). However, the "Savings Provision" of the EAJA provides that an attorney does not violate § 406(b)(2) by accepting an EAJA fee in addition to a court fee under § 406(b)(1), "but only if, where the claimant's attorney receives fees for the same work under both 406(b)(1) and the EAJA, the claimant's attorney refunds to the claimant the amount of the smaller fee." *Id.* at 953 (internal citation omitted).

Section 406(b)(1) vests the Court with discretion to award a reasonable fee and to determine what that fee is. *O'Donnell*, 983 F.3d at 957. In making the determination, a court considers the contingent-fee agreement, the character of representation, the results achieved, and whether the past-due benefits recovered are disproportionate to the amount of time spent on the case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). Here, the Plaintiff signed a fee agreement providing his attorney the right to ask the court to award as much as 25% of his past-due benefits for representing him in court. And $29,240.00—25% of the Plaintiff's past-due benefits—is a reasonable amount in light of the Plaintiff's counsel's experience handling Social Security disability matters at the federal level, the contingent nature of the recovery, the efficient manner in which counsel handled the Plaintiff's case, and the results achieved.

2

The Court therefore GRANTS the Plaintiff's Motion for Approval of Attorney Fees Pursuant to 42 U.S.C.A. Section 406(b) (D. 25).  Attorney Matthew F. Richter is awarded an attorney's fee under 42 U.S.C. § 406(b) in the amount of $29,240.00.  The Plaintiff's counsel is ordered to reimburse to the Plaintiff $6,349.78 in fees counsel previously received under the EAJA, 28 U.S.C. § 2412.

*It is so ordered.*

Entered on April 20, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE